IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALAGWAN PEOPLES, §
 §
 Plaintiff, §
 §
VS. §
 § NO. 4:10-CV-489-A
BAC HOME LOANS SERVICING, LP, §
ET AL., §
 §
 Defendants. §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment filed in the above action by defendants, BAC Home Loans Servicing, LP, ("BAC"), a subsidiary of Bank of America, N.A., and Bank of America, N.A. Plaintiff, Alagwan Peoples, filed nothing in response to the motion. Having now considered defendants' motion, the entire summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff initiated this action by the filing on July 1, 2010, of her original petition and request for <u>ex parte</u> temporary

restraining order in the state district court of Tarrant County, Texas. Defendants removed the action to this court on July 13, 2010, citing this court's diversity jurisdiction as the basis for removal.[1] In the petition, plaintiff brings claims and causes of action against defendants for breach of contract, specifically, breach of a loan modification agreement dated July 14, 2009; anticipatory wrongful foreclosure; fraud; and negligent misrepresentation.

II.

The Motion for Summary Judgment

Defendants argue for summary judgment on the breach of contract claims on the grounds that the proposed loan modification never ripened into an enforceable contract, but even if it did, plaintiff breached the contract by failing to make the required payments, and she has suffered no damages as a result of defendants' alleged breach. Defendants contend summary judgment is warranted on the anticipatory wrongful foreclosure claim because Texas does not recognize that cause of action, defendants sent the required notices, and the lack of available relief renders the claim moot. As to the fraud claim, defendants claim

---

[1] The notice of removal alleges that plaintiff and defendants are citizens of different states, and that plaintiff's request for damages in the petition in the amount of $186,596.12 satisfies the amount in controversy.

no false representation was made, plaintiff cannot show fraudulent intent on defendants' part, nor can she show detrimental reliance. Finally, defendants seek summary judgment on plaintiff's negligent misrepresentation claim on the grounds that plaintiff cannot show reliance, and promises of future performance cannot support such a claim.

III.

Undisputed Facts

The following facts are undisputed in the summary judgment record:

On May 17, 2006, plaintiff and her then-husband, Eddie D. Smith ("Smith"), (collectively, "Borrowers"), executed a note in the amount of $143,870.00, payable to Fidelity Home Mortgage Corp., for the purchase of a personal residence located at 504 McMurtry Drive, Arlington, Texas 76002. The note was secured by a deed of trust, also signed by Borrowers on May 17, 2006, naming as beneficiary Mortgage Electronic Registration Systems, Inc., as nominee for the lender and the lender's successors and assigns. The note and deed of trust were later assigned to BAC.

Borrowers eventually failed to make the payments required under the note and deed of trust, placing them in default. On June 12, 2009, BAC sent a letter, addressed to Borrowers,

advising that they were in default and of their right to cure such default by paying BAC the amount of $36,169.18 on or before July 17, 2009, plus any applicable regular monthly payments, fees, and charges which would become due on or before July 17, 2009. The letter cautioned Borrowers that failure to cure the default by July 17, 2009, would result in acceleration of the balance due and the initiation of foreclosure proceedings.

BAC also sent Borrowers a letter dated July 14, 2009, concerning modification of their loan, pertinent portions of which are set forth below:

> **IMPORTANT MESSAGE ABOUT YOUR LOAN**
>
> We are pleased to advise you that your loan modification has been approved. In order for the modification to be valid, the enclosed documents need to be signed and returned.
>
> . . . .
>
> Your new modified monthly payment will be $1,087.99, effective with your September 1, 2009 payment. This payment is subject to change if your escrow account is reanalyzed or if you have a step rate, interest only or adjustable rate loan type. . . . This Agreement will bring your loan current; however, you are still required to pay back the entire unpaid principal by the maturity date for your loan.
>
> . . . .

**WHAT YOU SHOULD DO**

> Please sign, date and return one (1) complete set of
> enclosed documents to us in the re-usable Fed-Ex
> envelope. . . .
>
> . . . .
>
> The following documents have been enclosed:
> **Modification Agreement**--. . . . All parties who own an
> interest in the property must sign the modification
> agreement as their name appears.

Defs.' App. to Br. in Supp. of Mot. for Summ. J. at 26-27.

Included with the letter was a document titled Loan Modification Agreement, setting forth specific rights of the loan modification explained in the July 14, 2009, letter, and bearing signature lines for plaintiff and Smith. The Loan Modification Agreement plaintiff returned to BAC was signed only by her; Smith never signed any such agreement.[2] No representative of defendants ever signed the Loan Modification Agreement. The record reflects that after the date of the July 14, 2009, letter, some payments were made; however, a payment for December 2009 was returned due to insufficient funds. There is no evidence in the record of any payments by plaintiff in any amount later than March 30, 2010.

---

[2]The Loan Modification Agreement was signed by plaintiff as Alagwan C. Scott. Plaintiff testified at her deposition that the signature on the Loan Modification Agreement was hers, that she was divorced from Smith, and that she had not yet married Mr. Peoples. In short, although the name by which plaintiff signed the note and deed of trust, the Loan Modification Agreement, and the petition all differ, she acknowledges that she is the person that signed each.

5

BAC on March 31, 2010, again notified Borrowers by letter that the loan was in default, and warned that failure to cure on or before May 5, 2010, would result in acceleration of the remaining balance due on the loan. There is no record of any response by Borrowers together, or plaintiff individually, to the March 31, 2010, letter, nor any evidence that plaintiff cured the default as required by the letter.

Accordingly, on June 7, 2010, the law firm of Barrett Daffin Frappier Turner & Engel, LLP, on behalf of BAC, sent a letter and notice of substitute trustee sale, informing Borrowers that BAC had elected to accelerate the loan, and that a foreclosure sale of the property would occur on July 6, 2010. On July 1, 2010, in conjunction with the filing of her petition, plaintiff sought and obtained an <u>ex parte</u> order restraining defendants from foreclosing on plaintiff's property; the restraining order expired by its terms on July 15, 2010.

IV.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

6

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to

7

satisfy the nonmovant's burden" in response to a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (internal quotation marks omitted).

V.

Analysis

A. Breach of Contract

The basis of plaintiff's breach of contract claim is that defendants breached the Loan Modification Agreement dated July 14, 2009, by accelerating the original loan amount and initiating foreclosure proceedings. However, the court finds summary judgment is warranted on this claim because no evidence shows the Loan Modification Agreement ever met the requirements of a valid contract.

To prevail on a claim for breach of contract, plaintiff must first show, inter alia, the existence of a valid contract between plaintiff and defendants. Frost Nat'l Bank v. Burge, 29 S.W.3d 580, 593 (Tex. App.--Houston [14th Dist.] 2000, no pet.). This showing requires the plaintiff to prove "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." Hubbard v. Shankle, 138 S.W.3d

8

474, 481 (Tex. App.--Fort Worth 2004, pet. denied). Modifications to a contract, while permitted, may not be done unilaterally, but rather require the assent of all the parties to the contract. Hill v. Heritage Res., Inc., 964 S.W.2d 89, 114 (Tex. App.--El Paso 1997, pet. denied).

The proposed Loan Modification Agreement purported to modify the note and deed of trust dated May 17, 2006, in the amount of $143,870.00, covering the property at 504 McMurtry Drive, Arlington, Texas 76002. Defs.' App. at 28. The proposed Loan Modification Agreement BAC provided to Borrowers expressly required "[a]ll parties who own an interest in the property [to] sign the modification agreement as their name appears." Id. at 27. It is undisputed that plaintiff and Smith both signed the original note and deed of trust, and Smith's name appears on the Loan Modification Agreement. However, the summary judgment record contains no evidence that Smith ever signed the Loan Modification Agreement, and plaintiff admitted she had no knowledge of Smith ever doing so.[3] Thus, plaintiff has adduced

---

[3] Although plaintiff in the petition alleges that she and Smith divorced and she was awarded the residence as her sole separate property, she has provided no evidence in support of this allegation, nor has she offered evidence that she made this information known to defendants or otherwise attempted to modify the note and deed of trust to reflect her sole ownership.

9

no evidence to show "an acceptance in strict compliance with the terms of the offer." Hubbard, 138 S.W.3d at 481.

Further, there is no evidence in the record that plaintiff has suffered the type of damages recoverable under a breach of contract claim. "The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." Stewart v. Basey, 245 S.W.2d 484, 486 (Tex. 1952). Plaintiff in the petition seeks damages in the form of "loss of benefits expected to be received in the future," specifically, the right to possession of her residence. Notice of Removal, Ex. 1 at 11. However, plaintiff testified that no foreclosure has occurred, she has remained in continuous possession and occupation of the residence, and title remains in her name. Plaintiff has alleged no damages "actually sustained" from the alleged breach of the Loan Modification Agreement.

B. Anticipatory Wrongful Foreclosure

The court finds it unnecessary to devote substantial attention to this claim, for the reason that such a claim is not a recognized cause of action in Texas. See Port City State Bank v. Leyco Constr. Co., Inc., 561 S.W.2d 546, 547 (Tex. Civ. App. 1977, no writ); see also Biggers v. BAC Home Loans Servicing, LP,

--- F. Supp. 2d ----, 2011 WL 588059 (N.D. Tex. Feb. 10, 2011). Although plaintiff alleges that defendant failed to comply with all statutory requirements prior to initiating foreclosure proceedings, it is undisputed that no foreclosure has yet occurred, and plaintiff remains in possession of the property.

C. <u>Fraud</u>

To prevail on a claim for fraud requires plaintiff to show: "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." <u>Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.</u>, 960 S.W.2d 41, 47 (Tex. 1998) (internal citations omitted). While the court tends to agree with defendants that plaintiff cannot make a showing as to any of the required elements, it is dispositive that she has failed to show any detrimental reliance.

"A plaintiff establishes reliance by showing the defendant's acts and representations induced him to either act or refrain from acting, to his detriment." <u>Worldwide Asset Purchasing, L.L.C. v. Rent-A-Ctr. East, Inc.</u>, 290 S.W.3d 554, 566 (Tex. App.--Dallas 2009, no pet.). Here, plaintiff alleges that defendant falsely represented that the Loan Modification Agreement was not

11

approved, and that the representation was made for the purpose of coercing plaintiff into submitting another such agreement. Plaintiff admitted, however, that she never submitted another Loan Modification Agreement. Accordingly, plaintiff cannot show she relied on defendant's alleged misrepresentation to her detriment, and her fraud claim fails.

D.  <u>Negligent Misrepresentation</u>

To prevail on a claim for negligent misrepresentation, plaintiff must provide evidence that defendant: made the alleged representation in the course of its business; supplied "false information" to guide others in their business; failed to exercise reasonable care or competence in obtaining or communicating the information; and that plaintiff justifiably relied on the representation and suffered pecuniary loss. <u>Clardy Mfg. Co. v. Marine Midland Bus. Loans</u>, 88 F.3d 347, 357 (5th Cir. 1996) (citing <u>Federal Land Bank Ass'n of Tyler v. Sloane</u>, 825 S.W.2d 439, 442 (Tex. 1991)).

In Texas, a plaintiff may recover only for pecuniary loss caused by the misrepresentation, including:

> (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

>  (b) pecuniary loss suffered otherwise as a consequence
>  of the plaintiff's reliance upon the misrepresentation.

Sloan, 825 S.W.2d at 442 (adopting Restatement (Second) of Torts § 552B (1977)). Mental anguish damages are not recoverable. Id. at 442-43.

Absent from the summary judgment record is any evidence that plaintiff has suffered pecuniary loss as a result of her justifiable reliance on any alleged misrepresentations. As discussed supra, no foreclosure has occurred and plaintiff remains in possession of her residence. Plaintiff testified in her deposition that her damages included stress, worry, annoyance, and time wasted sending documents back and forth. None of these represent damages which are recoverable as the consequence of a negligent misrepresentation. The absence of pecuniary damages warrants summary judgment for defendants as to this claim.

* * * *

Although the court concludes that the remaining summary judgment grounds likely have merit, the court finds it unnecessary to reach those grounds.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Alagwan Peoples, against defendants, BAC and Bank of America, N.A., be, and are hereby, dismissed with prejudice.

SIGNED March 25, 2011.

_____
JOHN McBRYDE
United States District Judge